UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Cindy Love,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Treatment Management Company, LLC and Midwest Fidelity Services, LLC,<br><br>　　　　Defendants. | § § § § § § § § § § § | Civil Action No. 4:18-cv-4553 |

## COMPLAINT

Plaintiff, Cindy Love, by and through her undersigned counsel, files this complaint against Defendants, Treatment Management Company, LLC, and Midwest Fidelity Services, LLC, and in support thereof, states as follows:

### INTRODUCTION

1. This Complaint alleges that Defendants violated the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Texas Debt Collection Practices Act, Tex. Fin. Code § 392 *et seq.* ("TDCPA"); and the Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code § 17.41 *et seq.* in the collection of a medical account balance.

2. Cindy Love ("Sloan" or "Plaintiff") asserts that Treatment Management Company, LLC, a debt collector, violated the FDCPA, TDCPA, and DTPA, by making varying misrepresentations regarding the balance owed on a medical bill, evidenced by its attempt to collect varying amounts, ranging from $11,180.68 to $80.378.66.

3. In addition, Love asserts that a violation of the TDCPA is tied into a violation of the DTPA in making false, deceptive, and misleading representations about a medical account balance, in a consumer transaction involving the sale or lease of goods

4. At all times relevant, Defendants attempted to collect a financial obligation that was used primarily for person, family or household purposes and was therefore a "debt(s)" and and a "consumer debt" as those terms are defined by 15 U.S.C. §1692a(5) and Tex. Fin. Code § 392.001(2).

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendants took place in Texas.

8. Defendants committed each of these violations knowingly, willfully, and intentionally, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9. All violations alleged herein are material violations of the FDCPA and DCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

10. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all the agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named.

11. Through this Complaint, Plaintiff does not allege that any state court judgment was entered against anyone in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

12. This action seeks declaratory, compensatory, statutory, and punitive damages, and costs and reasonable attorneys' fees for Plaintiff against Defendants for their negligent, willful, and knowing violations of the FDCPA, TDCPA, and the DTPA.

**JURISDICTION AND VENUE**

13. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

14. Jurisdiction for related state law claims is proper pursuant to 28 U.S.C. § 1361, as the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

15. Venue is proper pursuant to 28 U.S.C. § 1391 as all the events and omissions giving rise to Plaintiff's claims occurred in here.

16. Defendants are subject to the court's personal jurisdiction.

17. Plaintiff is informed and believes and thereon alleges that all acts of corporate employees as hereinafter alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

18. Plaintiff is informed and believes and on that basis alleges that at all times mentioned herein each Defendant was the principal, agent (actual or ostensible) or employee and, in acting as such principal, or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff or the relief prayed for herein.

**PARTIES**

19. Cindy Love ("Love" or "Plaintiff") is a natural person who, at the time of the conduct giving rise to this action resided in the State of Texas, from whom a debt collector sought to collect a consumer debt which was alleged to be due.

20. Plaintiff is a "consumer" as that term is defined by Tex. Fin. Code § 392.001(1); and Tex. Bus. & Comm. Code § 17.45(4).

21. Defendant Midwest Fidelity Services, LLC ("Midwest Fidelty") is a Kansas Limited Liability Company doing business in Texas. Defendant Midwest Fidelity can be served at the following address: Registered Agent Solutions, Bruce R. Abernathy, Jr., 130 S. Indian River Drive, Suite 201, Ft. Pierce, Florida 34950.

22. Defendant Treatment Management Company, LLC ("Treatment Management") is a Florida Limited Liability Company doing business in Texas. Defendant Treatment can be served at its registered agent in Florida, at the following address: Registered Agent Solutions, Corporation Service Company, 211 E 7th Street, Suite 620, Austin, Texas 78701-3218.

23. Each Defendant is a person who used an instrumentality of interstate commerce or the mail in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code 392.001(6), and a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

24. Each Defendant is a "person" as defined by Tex. Bus. & Comm. Code § 17.45(3).

## FACTUAL ALLEGATIONS

25. From December 27, 2016 to February 7, 2017, Love sought medical and rehab treatment for addiction at Red Rock Addiction/Serenity Care Center ("Red Rock") in Arizona.

26. She had medical insurance to pay for the medical services through United Health Care Blue Cross and Blue Shield ("Blue Cross"), which covered and paid her medical bills.

27. Around March of 2017, she began receiving calls and collect letters from Defendants.

28. In around December, she received a debt collection letter from Treatment Management for an account numbered 8650_1496905 (the "Account") for $11,180.66.

29. Then she received a collection letter from Midwest Fidelity for an account numbered 912132 (the "Second Account") for $80,378.66.

30. Midwest Fidelty also called Love in or around September 2018 demanding payment of $94,000.

31. Several times Love contacted and requested Red Rock, Treatment Management, and Midwest Fidelity, provide her an itemization of her bill, but each party has refused to provide such itemization.

32. She also contacted her Blue Cross and was told every bill submitted was paid.

33. Defendants thus unlawfully used a false, deceptive, and misleading representation in the collection of a debt.

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDPCA)
### 15 U.S.C. § 1692 ET SEQ.

34. Plaintiff incorporates the foregoing paragraphs of this Complaint as though fully set forth herein.

35. 15 U.S.C. § 1692 *et seq.* of the FDCPA regulates the duties and conduct of debt collectors in their attempt to collect debts from debtors. Debt collectors may not false, deceptive, or misleading representations in connection with the collection of any debt. 15 U.S.C 1692e.

36. Defendant violations were not just negligent, but willful in that Defendant and/or its agent refused to provide Plaintiff and itemization of the debt and had knowledge Plaintiff did not owe the amounts claimed.

37. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II
### VIOLATION OF THE TEXAS DEBT COLLECTION PRACTICES ACT
### TEX. FIN. CODE § 392-392.404
### (AGAINST ALL DEFENDANTS)

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Tex. Fin. Code §§ 392-392.404 regulates debt collectors collecting debt in the state of Texas.

40. The foregoing acts and omissions constitute numerous and multiple violations of the Texas Debt Collection Practices Act ("TDCPA") in that Defendants made unlawful misrepresentations in collection of a debt. Defendant also violated Tex. Fin. Code § 392.303 prohibition against using unfair or unconscionable means in collecting a debt.

41. As a result of each and every violation of the DCPA, Plaintiff is entitled to actual damages pursuant to Tex. Fin. Code § 392.403(a)(2); statutory damages of not less than $100 for each violation pursuant to Tex. Fin. Code § 392.403(e); and attorney's fees and costs pursuant to Tex. Fin. Code § 392.403(b).

## COUNT III
### VIOLATION OF THE DECEPTIVE TRADE PRACTICES ACT
### TEX. BUS. & COM. CODE § 17.41 *ET SEQ*
### (AGAINST ALL DEFENDANTS)

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Pursuant to Tex. Fin. Code § 392.404(a), a violation of the TDCPA is a deceptive trade practice act under Subchapter E, Chapter 17, Business & Commerce Code, and is actionable under that subchapter.

44. As a result, Plaintiff is entitled to all damages entitled to under the DTPA.

### REQUEST FOR JURY TRIAL

45. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial be jury.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

1. Actual damages;
2. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);
3. Statutory damages of at least $100 for each and every violation of the Texas Debt Collection Act pursuant to Tex. Fin. Code § 392.403(e);
4. Exemplary damages pursuant to the common law claim of unreasonable collection efforts;
5. An award of costs of litigation and reasonable attorney's fees to counsel for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3) and Tex. Fin. Code § 392.403(b);

6. Exemplary damages pursuant to the common law of Texas, *see, e.g. Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

7. Any other relief the Court may deem just and proper.

Dated: December 3, 2018

Respectfully submitted,

By: /s/ Ramona Ladwig
Ramona Ladwig
State Bar No. 24092659
Anthony P. Chester
State Bar No. 24092253
**Hyde & Swigart**
1910 Pacific Ave, Suite 14155
Dallas, TX 75201
Phone: (952) 225-5333
Fax: (800) 635-6425
ramona@westcoastlitigation.com

*Attorneys for Plaintiff*