| | | |
|---|---|---|
| Cindy Love and James Love, | § | |
| Plaintiffs, | § | Civil Action No. 4:18-cv-4553 |
| v. | § | |
| Treatment Management Company, LLC and Midwest Fidelity Services, LLC, | § | Judge Andrew S. Hansen |
| Defendants. | § | |

**FIRST AMENDED COMPLAINT**

Plaintiff, Cindy Love, by and through her undersigned counsel, files this Amended Complaint to add and join James Love, her husband, as a plaintiff in this lawsuit filed against Defendants, Treatment Management Company, LLC, and Midwest Fidelity Services, LLC, and in support thereof, states as follows:

### INTRODUCTION

1. This Complaint alleges that Defendants violated the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Texas Debt Collection Practices Act, Tex. Fin. Code § 392 *et seq.* ("TDCPA"); and the Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code § 17.41 *et seq.,* arising from a transaction involving medical account balance.

2. Plaintiffs Cindy Love and James Love (the "Loves" or "Plaintiffs") assert that Treatment Management Company, LLC, a debt collector, violated the FDCPA, TDCPA, and DTPA, by making varying misrepresentations regarding the balance owed on a medical bill, including misrepresenting the amounts owed in regards to debts ranging from $11,180.68 to $80.378.66.

3. In addition, pursuant to section 392.404 of the TDCPA, a violation of the TDCPA is a violation the "deceptive trade practice under Subchapter E, Chapter 17, Business Commerce Code, and is actionable under that subchapter."

4. At all times relevant, Defendants attempted to collect a financial obligation that was used primarily for personal, family or household purposes and was therefore a "debt(s)" and and a "consumer debt" as those terms are defined by 15 U.S.C. §1692a(5) and Tex. Fin. Code § 392.001(2).

5. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendants took place in Texas.

8. Defendants committed each of these violations knowingly, willfully, and intentionally, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9. All violations alleged herein are material violations of the FDCPA and TDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

10. Unless otherwise indicated, the use of each Defendant's name in this Complaint includes all the agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of each Defendant named.

11. Through this Complaint, Plaintiffs do not allege that any state court judgment was entered against anyone in error, and each Plaintiff does not seek to reverse or modify any judgment of any state court.

12. This action seeks declaratory, compensatory, actual, statutory, and punitive damages, and costs and reasonable attorney's fees for each Plaintiff against each Defendant for their negligent, willful, and knowing violations of the FDCPA, TDCPA, and the DTPA.

## JURISDICTION AND VENUE

13. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

14. Jurisdiction for related state law claims is proper pursuant to 28 U.S.C. § 1361, as the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

15. Venue is proper pursuant to 28 U.S.C. § 1391 as all the events and omissions giving rise to each Plaintiff's claims occurred here.

16. Each Defendant is subject to the court's personal jurisdiction.

17. Each Plaintiff is informed and believes and thereon alleges that all acts of corporate employees as hereinafter alleged were authorized or ratified by an officer, director or managing agent of the corporate employer.

18. Each Plaintiff is informed and believes and on that basis alleges that at all times mentioned herein each Defendant was the principal, agent (actual or ostensible) or employee and, in acting as such principal, or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiffs or the relief prayed for herein.

**PARTIES**

19. Each Plaintiff is a natural person who, at the time of the conduct giving rise to this action resided in the State of Texas, from whom a debt collector sought to collect a consumer debt which was alleged to be due.

20. Each Plaintiff is a "consumer" as that term is defined by Tex. Fin. Code § 392.001(1); and Tex. Bus. & Comm. Code § 17.45(4).

21. Defendant Midwest Fidelity Services, LLC ("Midwest Fidelity") is a Kansas Limited Liability Company doing business in Texas. Defendant Midwest Fidelity can be served at the following address: Registered Agent Solutions, Bruce R. Abernathy, Jr., 130 S. Indian River Drive, Suite 201, Ft. Pierce, Florida 34950.

22. Defendant Treatment Management Company, LLC ("Treatment Management") is a Florida Limited Liability Company doing business in Texas. Defendant Treatment can be served at its registered agent in Florida, at the following address: Registered Agent Solutions, Corporation Service Company, 211 E 7th Street, Suite 620, Austin, Texas 78701-3218.

23. Each Defendant is a person who used an instrumentality of interstate commerce or the mail in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code 392.001(6), and a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

24. Each Defendant is a "person" as defined by Tex. Bus. & Comm. Code § 17.45(3).

**FACTUAL ALLEGATIONS**

25. Plaintiff Cindy Love is the wife of James Love.

26. From December 27, 2016 to February 7, 2017, Cindy Love sought medical and rehab treatment for addiction at Red Rock Addiction/Serenity Care Center ("Red Rock") in Arizona.

27. Her care was covered under her husband James Love's health insurance with United Health Care Blue Cross and Blue Shield ("Blue Cross"), which covered and paid her medical bills.

28. For each medical treatment received at Red Rock, Plaintiffs obtained pre-approval for the treatment prior to receiving the benefit. As such, each and every medical treatment received by Cindy Love was covered by her husband James Love's health insurance plan. Had it not been covered, she would have been denied medical treatment.

29. Around March of 2017, she began receiving phone calls and collection letters from Defendants.

30. In around December 2017, the Loves received a debt collection letter from Treatment Management for an account numbered 8650_1496905 (the "Account") for $11,180.66.

31. They received a collection letter from Midwest Fidelity for an account numbered 912132 (the "Second Account") for $80,378.66.

32. Midwest Fidelity also called the Loves in or around September 2018 demanding payment of $94,000.

33. Several times Cindy Love contacted Red Rock, Treatment Management, and Midwest Fidelity, to request an itemization of their bill so they can understand what the bills were for, whether the treatment was covered under their plan, and investigate further why they were being pursued for collection when each and every treatment was pre-approved by their plan.

34. Red Rock, Treatment Management, and Midwest Fidelity promised to but failed to delivered an itemization showing how the amount alleged owed was calculated and arrived at.

35. Cindy Love also contacted United Health Care and was told each and every bill submitted was paid. In conversations with United Health Care, Plaintiff Cindy Love speculated that Defendants did not properly submit the bills with the correct insurance code. But Plaintiffs were unable to confirm this speculation and were left wondering where the bills were coming from.

36. Because Plaintiff Cindy Love was pre-approved by her husband's insurance company for each and every treatment received prior to receiving each and every treatment, the costs for any care provided was covered under Plaintiffs' insurance plan. Thus, the amounts being sought in collection against Plaintiffs by Defendants are false, deceptive, and misleading.

37. Defendants thus unlawfully used a false, deceptive, and misleading representation in the collection of a debt.

# COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDPCA)
## 15 U.S.C. § 1692 ET SEQ.

38. Plaintiff incorporates the foregoing paragraphs of this Complaint as though fully set forth herein.

39. 15 U.S.C. § 1692 *et seq*. of the FDCPA regulates the duties and conduct of debt collectors in their attempt to collect debts from debtors.

40. Prohibited acts or conduct include, but are not limited to the use of false, deceptive, or misleading representations in connection with the collection of a debt. 15 U.S.C 1692e.

41. Defendants violations were not just negligent, but willful in that Defendant s and/or its agent refused to provide Plaintiffs an itemization of the debt. Defendants had knowledge Plaintiffs did not owe the amounts sought.

42. As a result of each and every violation of the FDCPA, each Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT II
### VIOLATION OF THE TEXAS DEBT COLLECTION PRACTICES ACT
### TEX. FIN. CODE § 392-392.404
### (AGAINST ALL DEFENDANTS)

43. Each Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Tex. Fin. Code §§ 392-392.404 regulates the conduct of debt collectors collecting debts in the state of Texas.

45. The foregoing acts and omissions constitute numerous and multiple violations of the TDCPA, including, but not limited to the following: Defendants made unlawful misrepresentations in collection of a debt. Defendant also violated Tex. Fin. Code § 392.303 prohibition against using unfair or unconscionable means in collecting a debt.

46. As a result of each and every violation of the DCPA, each Plaintiff is entitled to actual damages pursuant to Tex. Fin. Code § 392.403(a)(2); statutory damages of not less than $100 for each violation pursuant to Tex. Fin. Code § 392.403(e); and attorney's fees and costs pursuant to Tex. Fin. Code § 392.403(b).

## COUNT III
### VIOLATION OF THE DECEPTIVE TRADE PRACTICES ACT
### TEX. BUS. & COM. CODE § 17.41 ET SEQ
### (AGAINST ALL DEFENDANTS)

47. Each Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully stated herein.

48. Pursuant to Tex. Fin. Code § 392.404(a), a violation of the TDCPA is a deceptive trade practice act under Subchapter E, Chapter 17, Business & Commerce Code, and is actionable under that subchapter.

49. As a result, Plaintiff is entitled to all relief damages available under the DTPA.

### REQUEST FOR JURY TRIAL

50. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial be jury.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully requests the Court grant Plaintiffs the following relief against each Defendant:

1. Actual damages;

2. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

3. Statutory damages of at least $100 for each and every violation of the Texas Debt Collection Act pursuant to Tex. Fin. Code § 392.403(e);

4. Exemplary damages pursuant to the common law claim of unreasonable collection efforts;

5. An award of costs of litigation and reasonable attorney's fees to counsel for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3) and Tex. Fin. Code § 392.403(b);

6. Exemplary damages pursuant to the common law of Texas, *see, e.g. Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

7. Any other relief the Court may deem just and proper.

Dated: May 28, 2019

Respectfully submitted,

By: /s/ Ramona V. Ladwig
Ramona V. Ladwig
State Bar No. 24092659
**HYDE & SWIGART**
1910 Pacific Ave, Suite 14155
Dallas, TX 75201
Phone: (952) 225-5333
Fax: (800) 635-6425
ramona@westcoastlitigation.com

*Attorneys for Plaintiffs*
*Cindy and James Love*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 28, 2019, I filed the foregoing document with the Clerk of Court of for the Southern District Court of Texas, via CM/ECF, and thereby served all parties of record.

By: /s/ Ramona V. Ladwig  
Ramona V. Ladwig
